# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-6432

RODNEY WALLACE,

Plaintiff - Appellant,

v.

GEORGE T. SOLOMON, Director of Prisons, North Carolina Division of Prisons;
HUBERT CORPENING, Superintendent, Marion Correctional Institution; BETTY
BROWN, Director of Chaplaincy Services, N.C. D.P.S. - Prisons; ANDREW
MARTIN MENHINICK, Head Chaplain, Marion Correctional Institution,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina,
at Asheville. Frank D. Whitney, Chief District Judge. (1:17-cv-00157-FDW)

Submitted: September 27, 2018                    Decided: October 22, 2018

Before GREGORY, Chief Judge, KEENAN and FLOYD, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Rodney Wallace, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Wallace appeals the district court's order dismissing without prejudice as moot his 42 U.S.C. § 1983 (2012) action seeking injunctive relief against four state prison officials. Wallace challenges the district court's determination that his action was rendered moot by his transfer from Marion Correctional Institution (MCI) to a different prison. For the reasons that follow, we affirm the dismissal in part, vacate the dismissal in part, and remand for further proceedings.

Where, as here, the relevant jurisdictional facts are not in dispute, we review de novo the district court's mootness determination. *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017); *see Grutzmacher v. Howard County*, 851 F.3d 332, 348 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 171 (2018). "The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction, which extends only to actual cases or controversies." *Porter*, 852 F.3d at 363 (alteration, citations, and internal quotation marks omitted). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Carter v. Fleming*, 879 F.3d 132, 137 (4th Cir. 2018) (internal quotation marks omitted). "[F]or a controversy to be moot, it must lack at least one of the three required elements of Article III standing: (1) injury in fact, (2) causation, or (3) redressability." *Townes v. Jarvis*, 577 F.3d 543, 546-47 (4th Cir. 2009).

We have consistently held that "the transfer of an inmate from a unit or location where he is subject to [a] challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition

2

moots his claims for injunctive and declaratory relief." *Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007); *see Rendelman v. Rouse*, 569 F.3d 182, 186-87 (4th Cir. 2009); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Taylor v. Rogers*, 781 F.2d 1047, 1049 n.1, 1051 (4th Cir 1986) (per curiam). As we have explained, "[o]nce an inmate is removed from the environment in which he is subjected to the challenged policy or practice, . . . [a]ny declaratory or injunctive relief ordered in the inmate's favor . . . would not redress in any way the injury he originally asserted." *Incumaa*, 507 F.3d at 287. Moreover, in such circumstances, "the newly situated inmate has no further need for such declaratory or injunctive relief, for he is free of the policy or practice that provoked his lawsuit in the first place." *Id.*

Liberally construing Wallace's complaint, as we are required to do at this stage, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing pleading standard), we find Wallace's case distinguishable from this line of precedent. The policies at issue in *Incumaa*, *Rendelman*, *Williams*, and *Taylor* were specific to the unit, prison, or system from which the plaintiffs were transferred. In contrast, Wallace claims to challenge a policy implemented throughout the North Carolina Department of Public Safety's Division of Prisons (NCDPS - Prisons), within which he remains incarcerated.

Following Wallace's transfer, an injunction against the MCI officials Wallace named as defendants—Hubert Corpening and Andrew Martin Menhinick—would not provide Wallace any effective relief. Thus, the district court properly concluded that the claims against these defendants are moot. *See Jordan v. Sosa*, 654 F.3d 1012, 1032 (10th

3

Cir. 2011); *Incumaa*, 507 F.3d at 287.  However, the court could still redress Wallace's alleged injury by granting an injunction against the senior NCDPS - Prisons officials that Wallace named as defendants—George T. Solomon and Betty Brown.  *See Carter v. Fleming*, 879 F.3d 132, 138-39 (4th Cir. 2018); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1312 (6th Cir. 2010); *Randolph v. Rogers*, 170 F.3d 850, 857 (8th Cir. 1999); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (discussing *Ex parte Young*, 209 U.S. 123 (1908), doctrine).  Although further development of Wallace's claims ultimately could reveal that the claim is moot, we conclude that the district court acted prematurely in dismissing the action as moot in its entirety at this early juncture.

Accordingly, we affirm the district court's judgment in part, insofar as it dismisses the claims against Defendants Corpening and Menhinick, vacate the district court's judgment in part, insofar as it dismisses the claims against Defendants Solomon and Brown, and remand for further proceedings.  In so doing, we express no opinion as to the validity or merits of Wallace's claims, leaving those determinations to the district court in the first instance.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*